THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JEREMY JOEL OTERO-MARRERO,**

    **Plaintiff,**

    v.

**CARIBBEAN RESTAURANTS, LLC,** *et al.***,**

    **Defendants.**

**Civil No. 21-1107 (ADC)**

## OMNIBUS OPINION AND ORDER

Before the Court are co-defendant Caribbean Restaurants, LLC's ("CR") motions to dismiss. **ECF Nos. 7** and **17.** Also before the Court is the Puerto Rico Miscellaneous Insurance Guaranty Association's ("AGSM," due to its Spanish acronym) motion to dismiss. **ECF No. 23**. For the reason's below, CR's motions to dismiss (**ECF Nos. 7** and **17**) are **DENIED** and AGSM's motion to dismiss (**ECF No. 23**) is hereby deemed **MOOT.**

**I. CR's Motions to Dismiss**

CR moved twice to dismiss on the same arguments. **ECF Nos. 7** and **17**. However, CR's motions to dismiss rely on exhibits filed in the Spanish language. **ECF Nos. 7-3, 7-4** and **7-5**. No certified translations were filed simultaneously or even at a later date.

"It is well settled that federal litigation in Puerto Rico must be conducted in English." *González–De–Blasini v. Family Dep't,* 377 F.3d 81, 88 (1st Cir. 2004) (cleaned up). *See also* 48 U.S.C. § 864; D.P.R. L. R. 5(g)); *Cordero-Soto v. Island Fin., Inc.,* 418 F.3d 114, 118 (1st Cir.

2005) (not an abuse of discretion for the district court to exclude Spanish language exhibits); *Peña–Crespo v. Puerto Rico,* 408 F.3d 10, 14 (1st Cir.2005); *Laboy-Salicrup v. P.R. Elec. Power Auth.*, 244 F.3d 266, 271 (D.P.R. 2017).

Because CR's motions to dismiss rely on Spanish language exhibits (mainly on an order of liquidation under Chapter 40 of the Puerto Rico Insurance Code[1] issued in Puerto Rico state court), they are **DENIED**.

## II. AGSM's Motion to Dismiss

Plaintiff Jeremy Joel Otero-Marrero ("Otero") amended his complaint to include AGSM. **ECF No. 12**. AGSM subsequently moved to dismiss (**ECF No. 23**), but that motion is hereby deemed **MOOT** because all claims against AGSM must be dismissed for lack of jurisdiction.[2]

Otero crossed the guarded gates to this Court's limited jurisdiction on a diversity of citizenship ticket. *See* 28 U.S.C. § 1332. **ECF No. 12** at 5. To maintain an action in federal court based upon diversity jurisdiction, all plaintiffs must be of diverse citizenship to each defendant in a case, and the addition of a non-diverse defendant in an amended complaint typically defeats diversity jurisdiction. *See Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005).

The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). It must do so here, where Otero is

---

[1] P.R. Laws Ann. tit. 26 § 4001 et seq.
[2] In light of the jurisdictional defect discussed *sua sponte* herein, the Court need not and shall not reach the arguments AGSM espouses in its motion to dismiss. Thus, because the Court does not consider the arguments in AGSM's motion to dismiss, that motion is deemed **MOOT**.

purportedly domiciled in Florida (**ECF No. 12** at 1) and AGSM hails from the same state for purposes of diversity jurisdiction.

Indeed, AGSM is an unincorporated entity whose citizenship is determined by the citizenship of all its members. *See Colón-Torres v. BBI Hosp. Inc.,* Civ. No. 19-1151 (GAG), 2021 WL 3046603 at *3-4 (D.P.R. July 20, 2021); P. R. Laws Ann. tit. 26 § 3801 et seq. Thus, because AGSM has multiple members-insurers domiciled in Florida,[3] it must be construed as a citizen of Florida for purposes of diversity jurisdiction. *See id.*

The Court must now decide which is more proper in this case: dismissing all claims against all defendants without prejudice because complete diversity has been defeated or salvaging the diversity of the parties by dismissing AGSM only.

"If an easily curable jurisdictional defect is discovered shortly after a case is filed, the district court should decide whether the plaintiff must be put to the bother of filing a fresh suit which at long last will merely bring the parties to the point where they now are." *Casón v. P.R. Elec. Power Auth.,* 770 F.3d 971, 977 (1st Cir. 2014) (cleaned up). Thus, the Court has "the authority to drop the 'diversity destroying' party, thereby curing any purported jurisdictional defect it found and salvaging its jurisdiction as between those parties who were properly before it." *Id.* at 978. To be sure, "even on questions of a court's adjudicatory authority in particular,

---

[3] Such as, *inter alia*, Fidelity National Title Insurance Company, American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, and American Heritage Life Insurance Company. *See* NAIC Puerto Rico State Based Systems: *https://sbs.naic.org/solar-external-lookup/lookup?jurisdiction=PR&searchType=Company&companyType=INS*.

salvage operations are ordinarily preferable to the wrecking ball." *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 592 (2004) (Ginsburg, J., dissenting).

Dismissing only the diversity destroyer is proper here solely if AGSM is a dispensable party. *See Gorfinkle*, 431 F.3d at 22. Rather than make that determination in a vacuum, the Court hereby orders the parties to brief the Court as to whether AGSM is a dispensable party and diversity can be salvaged by dismissing the diversity destroyer.

### III. Conclusion

For the reasons stated above, CR's motions to dismiss (**ECF Nos. 7** and **17**) are **DENIED** and AGSM's motion to dismiss (**ECF No. 23**) is deemed **MOOT.**

The Court hereby orders the parties to brief the Court as to whether AGSM is a dispensable party and diversity can be salvaged by dismissing the diversity destroyer. The parties shall file their briefs within 20 days of entry of this order (compliance due by March 28, 2022). Failure to comply shall result in the imposition of sanctions up to and including dismissal.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 8th day of March, 2022.

                                          **S/AIDA M. DELGADO-COLÓN**
                                          **United States District Judge**